JOSEPHINE H. SWINNEY v. NATHANIEL L. COCKRELL.

LAND AND CONVEYANCES.  *Covenants of warranty.  Current taxes.  Payment.  Action by vendee.*

    A grantee in a general warranty deed who purchases land after the taxes of the current year have become a charge thereon may, after the 15th of December, pay the taxes thereon, not previously paid by the grantor, and at once sue for and recover the sum so paid to protect the title, since it was the duty of the grantor to have paid them on or before said date, under Code 1892, § 3801, imposing a duty on taxpayers to pay their taxes on or before said date.

FROM the chancery court of Leflore county.

HON. PERCY BELL, Chancellor.

Cockrell, the appellee, was complainant, and Mrs. Swinney, the appellant, defendant in the court below.

On September 27, 1904, appellant sold, by deed of general warranty, an undivided half interest in certain lands constituting a plantation in Leflore county to appellee, he owning the other half interest, and took his notes for some deferred payments, and a deed of trust was given by appellee, on the property sold, to secure these payments. The first note fell due on February 1, 1905. On December 28, 1904, appellee paid the taxes on the land for that year, after requesting appellant to pay half of it. When demand was made on him for the amount of the note due February 1, 1905, he declined to pay it unless he received credit for one-half the taxes he had paid; and, the note being past due, the trustee in the deed of trust advertised the land for sale under the powers of the trust deed. Appellee then again offered to pay the note if credit was given him for one-half the taxes he had paid, which was declined, and a bill was filed by him praying for a writ of injunction restraining the sale under the trust deed. Mrs. Swinney and the trustee de-

murred to the bill, and made a motion to dissolve the injunction. The demurrer and motion set up substantially that appellee had no authority in law or equity to pay the taxes on December 28, 1904, and claim an equitable set-off or credit on the note, because the complaint did not charge fraud, accident, mistake, insolvency, irreparable injury, inadequacy of remedy at law, nor a state of case requiring equitable intervention to protect him in the enjoyment of his property, nor any real danger of its loss; that he was amply protected by the covenant of warranty, and had a remedy at law which was adequate; that appellant had until February 1, 1905, to pay the taxes; that appellee had no legal or equitable right to voluntarily pay the taxes and shut appellant off from testing the validity of the taxes. The demurrer was overruled, the motion to dissolve denied, and the injunction made perpetual upon condition that appellee pay the note, less the taxes. From a decree so adjudging the defendant appealed to the supreme court.

*McClurg, Gardner & Whittington,* for appellant.

It is impossible to read the complaint without discovering the glaring absence of a single fundamental element of equitable jurisdiction. There is not a line or word charging fraud; not a syllable charging insolvency, irreparable injury, or inadequate remedy at law; no payment of any part of the large sum due, no legal tender of any part of it—nothing save a statement of wandering facts wholly insufficient to satisfy the mind of anything except that the note was not paid because the taxes for 1904 had not been paid.

Let it be confessed that the taxes should be paid by the defendant, and it does not follow that an equitable set-off arises for that reason against one against whom no fraud is charged, and who is entirely solvent, and subject to the process of the local courts of law.

The interests and rights of a perfectly solvent vendor who has warranted the title are not to be ignored by the vendee.

He cannot "take the bits in his mouth" and act arbitrarily and regardless of the interests of a vendor who has made him a warranty deed and is amply able to make that warranty good. The mere fact that there was a lien for the unpaid taxes on December 28, 1904, did not endanger his title or in any wise breach the covenant of warranty. The first note was not due until February 1, and until that date the appellant was allowed by law to pay the taxes. The fact that damages in favor of the tax collector accrued after December 15th, or even that it might be advertised for sale after February 1st, did not endanger the title. In fact, the appellant, vendor, had by law at least until the first Monday in March, sale day, to save her covenant. Then two years thereafter must expire, or nearly so, before the title became actually imperiled; the law allows that time within which to redeem. It does not improve the vendee's case to say that he called upon the vendor to pay, for the law charged her with notice already. It was time enough for him, the vendee, to pay the taxes when final pay day arrived, February 1, 1905.

In *Wafford* v. *Ashcraft,* 47 Miss., 641, this court said: "The defense offered by Ashcraft and Owen rests upon well-defined principles, which have been the subject of frequent discussion and application in this court. If the vendor has practiced no fraud or deceit, a court of equity will not relieve from the contract to pay the price, on the ground of a defect of title, unless there has been an eviction. *Vick* v. *Berry,* 7 Smed. & M., 268. The principle has been stated in the earlier cases of *Anderson* v. *Lincoln,* 5 How. (Miss.), 284; so, also, *Culpin* v. *Smith,* 11 Smed. & M., 129; *Winstead* v. *Davis,* 46 Miss., 786; *Guice* v. *Sellers et ux.,* 43 *Ib.,* 56. The vendee had selected his security in the covenants of the deed, and is held to them, unless it is made satisfactorily to appear that they afford no indemnity by reason of the insolvency of the vendor." See also *McDonald* v. *Green,* 9 How. (Miss.), 138.

*S. R. Coleman,* for appellee.

The sole question in this case amounts to about this: Can a purchaser of land, under deed of general warranty, discharge the tax lien thereon, and set up the amount paid to discharge the lien against the first note given for the purchase money? Is such payment an equitable set-off? Where there is a lien upon the land, and the purchaser discharges it, it is an equitable set-off. *Oliver* v. *Walton,* 33 Miss., 111. Our courts recognize equitable set-offs. *Bell* v. *West Point,* 51 Miss., 288. It will not do to say we had our remedy at law, for our land was about to be sold, and the remedy at law, if not as complete and adequate to settle all matters in controversy, will not prevent a chancery court from interfering. *Irwin* v. *Lewis,* 50 Miss., 363. We call the attention of the court to the language of the opinion in the sentence on p. 840 of 58 Miss., *State* v. *Brown.*

We made, if not strictly a legal tender, certainly an equitable one. *Purvis* v. *Woodward,* 78 Miss., 933; 3 Pom. Eq., sec. 1407.

When told by the attorney for Mrs. Swinney that she was not liable for the taxes, we knew that the land was, and took that as an intimation or rather positive information that she did not intend to pay.

Why do counsel make specious arguments blaming us for paying out of time, if we did pay out of time? The taxes had to be paid, and if Mrs. Swinney intended to pay them, then why complain that we did? How much did the hope of getting the $500 attorney's fee influence in this matter?

TRULY, J., delivered the opinion of the court.

The demurrer to the bill of complaint was properly overruled. The general covenant of warranty in the deed from Mrs. Swinney to Cockrell, executed on September 27th, covered the taxes for the current year on the undivided half interest in the lands thereby conveyed. It was her duty to pay her proportion of the tax when the same became due and payable under

the fiscal laws of the state regulating the collection of taxes. By Code 1892, § 3801, it is made "the duty of every person assessed to pay his taxes to the collector on or before the fifteenth day of December." In default of payment by Mrs. Swinney by this date, her vendee had the right to pay the same and offset the amount against the deferred payment due him to her on the land. Taxes, when lawfully levied, constitute a paramount lien on the land assessed, and a vendee of land on which his vendor has failed to pay the current taxes at the time fixed by law, as by the covenant of warranty she was obligated to do, is not required to sit idly by and permit his land to be sold, but may, immediately upon default, pay off the tax lien, and recover of his vendor the amount which he has thus been compelled to expend for the protection of the title, which she had warranted. This proposition is to our mind so plain that we deem elaboration thereof unnecessary.

*Affirmed and remanded, with leave to answer within thirty days from filing of mandate below.*