WILLIAM S. LEETE vs. PHILIP ANDERSON.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK AND ROBINSON, Js.

The provision of General Statutes, § 2190 (substantially re-enacted in § 2 of chapter 138 of the Public Acts of 1907), requiring a duplicate of the call or notice of a meeting of a school district to be left with the clerk of such district for filing and preservation, is directory merely, not mandatory; and therefore a failure to comply with it does not vitiate or render illegal action taken at a school district meeting which in all other respects was properly warned and held.

Submitted on briefs April 15th—decided June 14th, 1910.

SUIT to restrain the defendant from interfering or disturbing school teachers employed by the plaintiff pursuant to the alleged vote of the school district, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and cause remanded.*

The plaintiff was duly elected a committeeman of the Leete's Island School District for the term of one year, beginning July 15th, 1908. On June 22d, 1909, at a meeting of said district, the defendant was duly elected a district committeeman for the term beginning July 15th, 1909, and ending July 15th, 1910; and on June 30th, 1909, at another meeting held by this district, the plaintiff was authorized to appoint teachers for said district for the ensuing school year, and, pursuant to said vote, he hired the teachers.

The defendant, with full knowledge of this vote of authority to the plaintiff, also employed teachers for said district for the ensuing school year.

The meeting under authority of which the plaintiff acted is, in effect, found to have been in all respects a legally warned meeting, except that a duplicate of the notice of said meeting was not, as required by the statute, left by the plaintiff with the clerk of the district or with the selectmen of the town, at the time of posting such notice. General Statutes, § 2190, as amended by § 2 of chapter 138 of the Public Acts of 1907.

It further appeared that if the temporary injunction issued had not been served upon the defendant and upon the teachers employed by him, the defendant would have attempted to install the teachers hired by him, and that his conduct would have provoked disturbance and controversy at the schoolhouse.

The Court of Common Pleas held that the district meeting of June 30th, 1909, was not legally warned,

because of the failure to leave a duplicate of the notice with the clerk of the district or with the selectmen; and consequently that the meeting was not legally assembled, and the vote of authority to the plaintiff to hire teachers for the coming year was invalid and conferred no legal authority upon the plaintiff to act in the premises.

*Edmund Zacher* and *William B. Ely*, for the appellant (plaintiff).

No appearance was entered for the appellee.

ROBINSON, J.   The court below held that the particular provision of the statute (§ 2190) which the plaintiff failed to comply with was mandatory.   In other words, that such compliance was essential to the validity of the warning of the meeting and the legality of the meeting itself, and to the vote of authority to the plaintiff. If this provision of the statute were mandatory, the conclusion of invalidity would of course follow, but the court below was in error as to this.

This statutory provision is evidently not intended to furnish a medium of notice to the voters of the district, or to give efficiency to the warning itself, but rather to provide for the preservation of a copy of the notice in the files of the office of the district clerk as a matter of convenience in transacting the business of the district.   It is not a part of the notice or warning, but something to be done after the warning is posted and because of the warning.   The original might be obliterated by the elements, torn down by some meddlesome person, or be accidentally destroyed; hence the provision in question, that there may be always some evidence at hand by which to establish the character and language of the notice.   This clause of the statute provides that

the duplicate shall be left with the district clerk, if there be one, and if not, with the selectmen of the town, to be delivered to the clerk of the district when appointed. This is one of those statutory requirements intended merely for the guidance of public officers in the conduct of the business of school districts. It is to secure order and system, and to do away with too prevalent slipshod methods. It is a provision of convenience and not of substance. *Gallup* v. *Smith,* 59 Conn. 354, 22 Atl. 334; *Morey* v. *Hoyt,* 65 Conn. 516, 524, 33 Atl. 496.

It is quite significant that there is no affirmative indication or declaration in this Act which makes the leaving of such duplicate of the essence of the notice or an essential to the legality of the meeting called. This omission, we think, was intentional and deliberate. Such a provision once had a place in the Act, but was omitted in the Revision of 1866 and repealed by the Act passed to carry that Revision into effect. See Public Acts of 1865, Chap. 92, p. 85. Nor has it ever been restored to a place in our statute law. The reason for this seems plain, in that one less opportunity is furnished for obstructing district business and overturning district meetings, otherwise legally warned and held. Our legislature has retained the provision that the duplicate must still be left with the district clerk, as one serving a convenient and useful, but not vital, purpose in the transacting of district business, but has repealed that part of the statute which made the meeting illegal in the event of noncompliance.

Examined in the light of the history of the statute containing the provision, and the very manifest purpose of it, it must be held that a failure to comply with it was not intended by the legislature to vitiate, and did not vitiate or render illegal, a notice in all other respects complete and sufficient. The district voters had full notice

of the time, place, and purpose, of the meeting, by a five days' notice posted under the statute. This was the essential, the vital, thing; and the filing of this duplicate could not aid in that, and the omission to file could not, and did not, render that notice any less efficient, or defeat the legislative intent embodied in the statute.

We do not feel that this court should be astute to defeat and destroy such rights as grew out of this meeting, but rather to maintain them. We prefer to make a legitimate application of the rule that "the deeds of parties are to have effect rather than to be destroyed; that rights are to be upheld rather than forfeited." *Brooklyn Trust Co.* v. *Hebron,* 51 Conn. 22, 29.

There is error, the judgment of the court below is reversed and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.