DANIEL F. DALY ET AL. *vs.* LOUIS A. FISK ET AL.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Public officers are presumed, until the contrary appears, to know the law and to act regularly and lawfully in the performance of their duties.

Sections 2311 and 4795 of the General Statutes of 1902 provided that every assessor should solemnly swear that he verily believed that all lists and abstracts of his town for the current year were "made up and perfected according to law." *Held* that the requirement that assessors be sworn was of the essence of this legislation and, hence, mandatory, but that the exact form of the oath prescribed in the statute was not of the essence and, therefore, merely directory.

In making oath to the lists of the town of Branford for the years 1914 to 1917, the assessors swore that they believed them to be made up and perfected "according to our best knowledge and belief" instead of "according to law." *Held* that the lists were not invalidated by the slight verbal deviation in the form of the oath.

The courts will make every presumption and intendment in favor of the validity of a legislative Act, and will sustain it unless its unconstitutionality is clear beyond a reasonable doubt.

It follows from the undoubted power of the General Assembly to prescribe, or dispense with, conditions, means and methods in the assessment, levy and collection of taxes that it may cure irregularities occurring therein; and, therefore, the so-called Validating Acts of 1915, 1917 and 1919 are not unconstitutional in so far as they ratify and make binding all lists to which the assessors have omitted to make oath as required by law; nor is it any objection to such legislation that its effect is, in part, retroactive.

Argued April 13th—decided July 3d, 1926.

ACTION to foreclose tax liens upon the real estate of the defendants situated in the town of Branford, brought to the Court of Common Pleas for New Haven County and tried, upon an agreed statement of facts, to the court, *Pickett, J.;* judgment rendered for the plaintiffs, and appeal by the defendants. *No error.*

*Louis A. Fisk,* for the appellants (defendants)

*Earle A. Barker,* for the appellee (plaintiff).

HAINES, J.   The complaint contains thirty-one counts setting out, among other things, the levy of certain taxes and the filing of tax liens upon various properties, which are more particularly described in schedules annexed to the complaint.   Before the submission of the case to the court, the first three counts were withdrawn.  The defendants filed their answers to the various counts, and later joined with the plaintiffs in the agreement upon the facts above referred to.   Upon these facts the plaintiff obtained a judgment on all counts, but the questions raised upon this appeal relate only to six of the counts.

No question is made as to the legality of the work of the assessors, save as to the wording of the oath taken by them as appears in the abstract book for 1914, 1915, 1916, and 1917.  That oath read as follows: "We, . . . assessors of the town of Branford, in the State of Connecticut, do swear that we truly believe that all the lists and abstracts of the town of Branford for the year . . . are made and perfected according to our best knowledge and belief"; while the oath prescribed by statute reads as follows: "I, . . . assessor of the town of . . . , do solemnly swear that I verily believe that all the lists, and the abstract of said town . . . for the year 19—, . . . are made up

and perfected according to law." General Statutes, Rev. 1902, §§2311 and 4795.

The defendants claim that the failure of the assessors to take the oath in the exact form prescribed by statute, rendered the assessments referred to in the six counts mentioned invalid.

Though not set out in the agreed statement of facts, we take notice of the existence and provisions of the so-called Validating Acts, passed by the General Assembly to cover the periods mentioned in the six counts in question. These were Chapter 312 of the Public Acts of 1915, approved May 20th, 1915; Chapter 415 of the Public Acts of 1917, approved May 16th, 1917, and Chapter 320 of the Public Acts of 1919, approved May 13th, 1919; the provisions being in substance identical, and reading in part as follows:

"In all cases in which the assessors have omitted to compare, sign, return, date, or make oath to an abstract of the assessment lists of their town, as required by law . . . such assessment lists and the votes imposing taxes thereon shall not, for any such cause, be adjudged void or defective, but the same are hereby ratified and made binding upon the municipality wherein the same where made; . . . and all taxes which have been laid and imposed according to the assessment lists specified in this section may be levied and collected."

The defendants contend that these so-called Validating Acts are unconstitutional in that they are contrary to public policy; that it is not within the power of the General Assembly to thus "modify, affect or change existing law of the state in a case of this nature except by repeal or amendment," and that such action "grants exemption from the law of the unlawful acts of certain public officials."

The contention of the defendants, therefore, is two-

fold: (1) that the assessments were void for the failure of the assessors to take the statutory oath, and (2) that the Validating Acts were unconstitutional and void; and these are the only questions presented by the appeal.

Comparing the oath provided by statute with that actually taken by the assessors, it is obvious that the only important deviation is in the wording of the final clause,—the former reading ". . . according to law," and the latter ". . . according to our best knowledge and belief."

This difference in wording is slight and on its face naturally suggests a clerical error. Certainly there cannot be fairly read into it any essential difference in effect, purpose or intent. Though the omission of the oath, or its variance from the statute in a material particular, may invalidate the assessment roll, yet defects in the form of the oath, or an irregularity in compliance with a merely formal provision, are immaterial, provided there is a substantial compliance with the statute. 28 Cyc. p. 418; 37 Id. p. 1062, and cases cited; 26 R. C. L. p. 356, §312; 3 Cooley on Taxation (4th Ed.) p. 2359. These were sworn public officials, and it is to be presumed, until the contrary appears, that they acted regularly and lawfully in performing their duties, and that they knew the law. If they did so act with knowledge of the law in making up these lists, their oath that they had acted according to their best knowledge and belief is equivalent to an oath that they had acted according to law.

There is a presumption that official acts have been properly performed; see *Gonzales* v. *Ross,* 120 U. S. 605, 7 Sup. Ct. 705; *Hilts* v. *Colvin,* 14 Johns. (N.Y.) 182; *Hanson* v. *Barnes' Lessee,* 3 G. & J. (Md.) 359; and that a public officer has done his duty. *Erhardt*

v. *Ballin,* 150 Fed. 529; *Houseman v. International Nav. Co.,* 214 Pa. St. 552, 562, 64 Atl. 379.

Though we do not minimize the importance of a strict adherence to statutory provision by public officials, even in matters of form, yet where the change of form is purely verbal and the real purpose and intent of the statute are clearly met, as in this case, the action of the officials should be upheld. To do otherwise would be unjust to the public they serve and violate the fundamental purpose of legislative requirements. Where it was contended that a public meeting was illegal for lack of the statutory requirement that a copy of the notice of the meeting be filed with the clerk of the district, we said: "We do not feel that this court should be astute to defeat and destroy such rights as grew out of this meeting, but rather to maintain them. We prefer to make a legitimate application of the rule that 'the deeds of parties are to have effect rather than to be destroyed; that rights are to be upheld rather than forfeited.'" *Leete* v. *Anderson,* 83 Conn. 227, 231, 76 Atl. 466.

Moreover, while the statutory requirement that assessors be sworn is of the essence of this legislation and is therefore mandatory, being enacted to impose a solemn obligation upon these public officials, the exact form of the oath is not of the essence of this legislation and is therefore directory. This form of oath is intended as a guide for public officers in the performance of the business of their offices—to insure system and uniformity throughout the State.

"Provisions of this character are, as a general rule, not mandatory unless accompanied by negative words importing that the acts shall not be done in any other manner or at any other time than that designated." *Morey* v. *Hoyt,* 65 Conn. 516, 524, 33 Atl. 496.

"In the determination of the question as to whether

or not a provision as to the proceedings of a public officer is of the essence of the thing to be accomplished, the cases agree that significance is to be attached to the nature of the act, and also the language and form in which the provision is couched, as, for instance, whether or not it is, on the one hand, affirmative and such as would naturally be chosen to prescribe directions for an orderly and proper dispatch of business, or, on the other, negative and prohibitive, or expressive of a condition precedent, or appropriate to the creation of a limitation of power." *Spencer's Appeal,* 78 Conn. 301, 303, 61 Atl. 1010, citing *People* v. *Allen,* 6 Wend. (N. Y.) 486; *Pond* v. *Negus,* 3 Mass. 230, 232; *Bladen* v. *Philadelphia,* 60 Pa. St. 464; *Pearse* v. *Morrice,* 2 Ad. & El. 84, 96.

This being the nature of the statute in question, a slight verbal deviation, such as that complained of, is not of a vital importance, but constitutes a sufficient compliance to give validity to these abstracts.

This conclusion is determinative of this appeal and renders unnecessary an extended consideration of the constitutional validity of the Validating Acts. We shall not, therefore, discuss this feature of the appeal beyond suggesting that it is to be presumed that the legislature intended these Acts to operate constitutionally, and unless the Act be unconstitutional beyond any reasonable doubt, it is the duty of the courts to sustain it; *Windsor* v. *Whitney,* 95 Conn. 357, 111 Atl. 354; and an Act of the legislature will not be declared unconstitutional unless its violation of the Constitution is clear and plain, for every reasonable intendment is in favor of its validity.

Of Validating Acts affecting the laying and assessment of taxes generally, we said in *Whittelsey Co.* v. *Windsor Locks,* 90 Conn. 312, 315, 97 Atl. 316: "The legislative power to prescribe such conditions, means,

and methods in the assessment and levy, and for the collection, of taxes as it may determine, is undoubted. What it may prescribe it may dispense with, and it may by its Act, cure the irregularity of a non-observance of the requirements it might have dispensed with." Citing Cooley on Constitutional Limitations (7th Ed.) 529; 1 Cooley on Taxation (3d Ed.) 517; and Sutherland on Statutory Construction (Ed. 1891) p. 631. See also *Atkins* v. *Nichols,* 51 Conn. 513, 520.

We hold the Validating Acts, in their application to the facts in the instant case, valid and constitutional exercises of the legislative power, and it is immaterial that they are in part retroactive. *Goshen* v. *Stonington,* 4 Conn. 209, 221, 222; *Mechanics & Workingmen's Mut. Sav. Bank & Bldg. Asso.* v. *Allen,* 28 Conn. 97, 101, 102.

There is no error.

In this opinion the other judges concurred.