## ALOIS K. SCHUSTER *vs.* CHARLES JOHNSON.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A perfected assessment list, required to be filed in the town clerk's office under § 1149 of the General Statutes, though not the best evidence of the existence of the assessment, may, if admitted in evidence without objection, be given such weight as the trial court, in the exercise of a reasonable discretion, deems proper and, in connection with the presumption that public officers have properly performed their duties, is sufficient to support a finding that the taxes were duly assessed.

Although the statute (§ 1308) providing for the continuance of a tax lien by certificate undoubtedly contemplates that the tax collector shall make out, or cause to be made out, a document signed by him and then filed for record with the town clerk, nevertheless the informal procedure in the present case, where the town clerk wrote the certificates directly into his book from data in his office, subsequently obtaining the signature of the collector to each one and adding his own signed memorandum that it had been received for record and recorded, did not constitute such a material deviation from the statutory method as to invalidate the certificates.

Payment of the full amount of a tax lien is, prima facie at least, reasonably necessary to secure its discharge; and, therefore, in an action for breach of a covenant against incumbrances to recover an amount so paid, neither evidence of its reasonable necessity, nor a finding to that effect, is essential unless the fact is controverted.

Argued October 28th—decided December 12th, 1927.

ACTION to recover damages for breach of a covenant against incumbrances contained in a deed of real estate, brought to the Court of Common Pleas for New Haven County and tried to the court, *Booth, J.;* judgment for the plaintiff for $598, and appeal by the defendant. *No error.*

*Joseph N. Manfreda,* with whom was *William H. Woolen,* for the appellant (defendant).

*Joseph Shelnitz,* for the appellee (plaintiff).

MALTBIE, J. This is an action brought to recover upon the warranty against incumbrances in a deed of land from the defendant to the plaintiff, the alleged incumbrances consisting of three tax liens for taxes more than one year overdue. The trial court found that these taxes were duly assessed against the land for the years 1922, 1923, and 1924, and that in each instance the tax collector, within one year after the tax was due, caused a certificate of continuance of the lien to be recorded in the town clerk's office. At the time the case first came to trial, the taxes were still unpaid, but during a continuance, the plaintiff paid them, and the trial court gave judgment for the plaintiff to recover the amount so paid.

The defendant attacks the finding of the trial court that the taxes were duly assessed. He assumes that this finding was based solely upon the making and recording of the certificates of continuance of the liens, aided by a presumption based thereon that the town officers acted properly in making the assessments. But the evidence goes further, and discloses that, in order to obtain the information required to be inserted in the certificates, the town clerk consulted the assessment lists of each year, which, by the statutes, are required to be filed in his office when perfected by the assessors. General Statutes, § 1149. It thus appears that the sums stated in the certificates as due were those contained in the perfected assessment lists of the town. Had the defendant specifically raised the point on the trial that this was not the best evidence of the existence of the assessments, a different situation would have been presented. As it was, the court was entitled to give the evidence such weight as, in the exercise of a reasonable discretion, it deemed that

it deserved. *Poliner* v. *Fazzino,* 105 Conn. 350, 353, 135 Atl. 289. We cannot say that it might not regard it as sufficient to establish that the perfected lists showed the assessments of the sums named in the certificates against the property. That being so, as the defendant concedes, the presumption that public officers acting officially have done their duty would apply, and justify a finding that the taxes were duly assessed. *Wofsey* v. *New York & Stamford Ry. Co.,* 106 Conn. 254, 257, 138 Atl. 136; *The People ex rel. Stuckart* v. *Chicago & A. Ry. Co.,* 289 Ill. 282, 288, 124 N. E. 658; 3 Cooley on Taxation (4th Ed.) §1073.

The defendant also attacks the finding of the trial court with reference to the filing of the certificates extending the liens of the tax. He does not contend that there did not appear in the books of the town clerk certificates complying with the requirements of the statute, General Statutes, § 1308, purporting to be signed by the tax collector and bearing the memorandum of the town clerk that they were received for record and recorded by him. The finding states the way in which these certificates came upon the town clerk's record as follows: The tax collector gave to the town clerk, or someone in his office, a list of the names of delinquent taxpayers, together with the amounts due, and certain numbers which identified the assessment list filed by each delinquent; the town clerk, or someone acting for him, then secured from the records on file in his office the data necessary to make out proper certificates; the certificates were then written out in the record books in the town clerk's office, the tax collector thereafter, in each instance before the expiration of one year after the tax was due, signed the certificates as they appeared in the book, and the town clerk signed a memorandum that they had been received for record and recorded. Most of the facts so

found are fully supported by the evidence, and as to the others, while the evidence is not clear, it is reasonably susceptible of the construction placed upon it by the trial court.

The defendant, however, attacks certain other paragraphs of the finding, in some of which are recited, as constituting the actual certificates of continuance of the liens, the entries in the town clerk's books just described, and in others of which the entries are found to be, or otherwise treated as, the actual certificates. These findings are also supported by the evidence, unless it is not legally capable of bearing such an interpretation. The statute applicable to this case provided that a tax collector might continue a tax lien upon real estate beyond one year after the taxes became due "by causing to be recorded in the land records of the town in which the real estate is situated, his certificate, describing the real estate, the amount of the tax, and the time when it became due." General Statutes, §1308. This statute no doubt contemplated that the collector should make out, or cause to be made out, a document which he should sign and then file with the town clerk for record. No provision is, however, made for any disposition of such a document after the recording, and it could serve no useful purpose which might not equally be served by a copy of the record in the books of the town clerk. The writing out of the certificate directly upon the books of the town clerk, and its signature there by the tax collector, was at most an immaterial deviation from the procedure contemplated by the statute and would not invalidate the certificate. *Daly* v. *Fisk*, 104 Conn. 579, 583, 136 Atl. 169; *Leete* v. *Anderson*, 83 Conn. 227, 229, 76 Atl. 466.

The only other claim of error requiring mention is that the award as damages of the amount paid by the

plaintiff to satisfy the liens is not supported by the finding, since it is not there stated that such payment was fairly and reasonably necessary for that purpose. This is not a case where the plaintiff paid money to remove an incumbrance of uncertain value, as in those cited by the defendant, but one where the amount due upon the liens was fixed and certain. In such a situation the payment of that amount is to be regarded, prima facie at least, as reasonably necessary in order to discharge them. *Kelsey* v. *Remer,* 43 Conn. 129, 138; *Swinney* v. *Cockrell,* 86 Miss. 318, 38 So. 353. In the absence of anything in the record to indicate the contrary, evidence and a finding that the payment of that amount was in fact reasonably necessary to secure the discharge of the liens would have served no useful purpose and the lack of them cannot affect the result.

There is no error.

In this opinion the other judges concurred.