STANLEY V. TUCKER *v.* CONNECTICUT INSURANCE PLACEMENT FACILITY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1354

Argued September 20, 1982—decided March 18, 1983

*Stanley V. Tucker,* pro se, the appellant (plaintiff).

*James F. Meehan,* for the appellee (defendant).

DALY, J. This is an action by the plaintiff to recover fire loss damages to property under a fire insurance policy issued by the defendant. Each party in the case moved for summary judgment. The trial court denied the plaintiff's motion and granted the defendant's motion. The plaintiff has appealed.

The trial court's memorandum of decision and the record reveal the following facts: The plaintiff had an interest in premises located at 963 Capitol Avenue in Hartford which had been insured by the defendant against fire loss in March, 1980. On January 25, 1981, the premises were damaged by fire in the amount of $5638.65. In response to the defendant's inquiry, the deputy town clerk of the city of Hartford notified the defendant that outstanding tax liens existed against the premises in the amount of $26,727.40 as of May 28, 1981. On December 21, 1981, the defendant insurer paid the $5638.65 fire loss proceeds to the city of Hartford.

At issue here are those sections of the General Statutes which authorize an insurance company to pay fire insurance proceeds directly to a municipality upon notification to the company that tax liens exist on the real estate damaged by fire.[1] General Statutes § 49-73a states that "[n]o such [tax] lien shall be valid unless the tax collector of the municipality wherein such item of real estate is situated makes and files in the office of the town clerk a certificate of lien, pursuant to the pro-

---

[1] General Statutes §§ 49-73a through 49-73i.

visions of section 12-173, giving notice of his intention to claim against such proceeds." Section 12-173 sets forth the procedure by which the tax collector of a municipality may continue a tax lien.[2]

The plaintiff maintains that the city of Hartford failed to file such a certificate of lien stating its intent to claim fire loss proceeds. He argues that the insurance company therefore lacked the authority to pay the proceeds to the city because of the city's alleged noncompliance with the relevant statutory provisions. We disagree.

Section 49-73d sets forth the insurance company's obligations.[3] That provision requires only that the insurance company request a statement of the amount of valid tax liens on the damaged property which the city must then provide within the specified time period. Since the statute dealing with what the insurance company must do only speaks in terms of an amount, the

[2] General Statutes § 12-173 provides: "The collector of each municipality . . . may continue any tax lien existing against any item of real estate to secure the payment of the tax assessed by such municipality thereon . . . by making out and filing, within the time limited by section 12-174 or 12-175, in the office of the town clerk of the town wherein such real estate is situated, a certificate containing the following information: (1) The name of the person against whom such tax appears in the rate bill; (2) a description of such real estate; (3) the principal of such tax due thereon, the amount of which, with interest, if any, and fees and other charges, is secured by such lien; (4) the date or dates when the principal of such tax became due; and (5) a statement giving notice of his intention to file a lien pursuant to sections 12-172 and 49-73a to 49-73i, inclusive, against the proceeds of any policy of insurance providing coverage for loss or damage caused by fire, if a loss or damage has occured. The town clerk shall record such certificate in the land records. . . ."

[3] General Statutes § 49-73d provides: "Prior to the payment of any insurance proceeds for loss or damage to real estate caused by fire, provided the amount of the proceeds for the loss payable under the policy is five thousand dollars or more, the insurance company required to pay such proceeds shall notify the town clerk of the town in which such loss or damage has been sustained and demand in writing, by registered or certified mail, that a statement indicating the amount of all liens filed pursuant to sections 49-73a and 49-73b be delivered to such insurance company at a specified address, in person or by registered or certified mail, within twenty days from the date of receipt by the town clerk of such demand."

city's failure to file a certificate of lien with the appropriate statement of intent does not give rise to a cause of action against the insurance company. We need not discuss how such a claim would affect the city's right to the fire loss proceeds since the city of Hartford is not a defendant in the present action.

In summary judgment proceedings, "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. In support of its motion for summary judgment, the defendant filed affidavits and documents from the tax collector of Hartford, the deputy town clerk of Hartford and its claims manager.

According to those affidavits, on May 8, 1981, the defendant notified the city of its intention to pay fire loss insurance proceeds for the damage sustained at the Capitol Avenue property. Those documents do not indicate whether the notice was sent by registered or certified mail. Since it is undisputed, however, that the city received actual notice of the insurance company's intent on May 8, 1981, the purpose of the statute's notice provision was met.

In response to the insurance company's notification, the deputy town clerk of Hartford, Rose M. Blesso, sent a certified letter dated May 28, 1981, to the adjuster of the defendant with a statement that tax liens in the amount of $26,727.40 existed on the damaged property. Section 49-73d requires that the city respond within twenty days of receipt of notification by delivering the necessary statement in person or by registered or certified mail. "The word 'deliver' includes a handing over for the purpose of taking even though both acts do not occur simultaneously. *State* v. *Koenig,* 120 Conn. 39, 43 [178 A. 923 (1935)]." *Zarillo* v. *Peck,* 33 Conn. Sup.

676, 678, 366 A.2d 1165 (1976). When the statement was mailed at the post office, it was handed over for the insurance company's taking.

The meaning of "within" is " 'not longer in time than'; Webster's New International Dictionary (2d Ed.); 'not later than.' 69 C.J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378." *Lamberti* v. *Stamford,* 131 Conn. 396, 398, 40 A.2d 190 (1944). The city therefore delivered the statement in compliance with the statute since it was mailed on the twentieth day after the clerk was notified by the insurance company.

Section 49-73g provides that "[a]n insurance company shall not be liable . . . for any amounts paid by it to a municipality . . . in reliance upon information contained in any statement provided by a municipality pursuant to section 49-73d. . . ." On the basis of the affidavits and documents submitted by the parties, the trial court was justified in concluding that the procedures used complied with the salient statutory provisions. Since there was no genuine issue of fact between the parties, the court was correct in granting summary judgment for the defendant on the basis of the immunity afforded insurance companies by § 49-73g.

The plaintiff also claims that the defendant's affidavits were not based on personal knowledge. An examination of the affidavits and documents, assisted by the presumption that official acts have been properly performed; *Daly* v. *Fisk,* 104 Conn. 579, 582, 134 A. 169 (1926); leads to the conclusion that the personal knowledge requirement as set forth in *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 515, 391 A.2d 157 (1978), has been satisfied.

There is no error.

In this opinion COVELLO, J., concurred.

BIELUCH, J. (dissenting). General Statutes § 49-73a provides that "[t]he interest of each person in the proceeds of any policy issued by an insurance company providing fire insurance coverage for loss or damages caused by fire on an item of real estate . . . shall be subject to any tax lien on such item of real estate continued pursuant to the provisions of section 12-173." The relevant provision of § 12-173 requires that the tax collector of a municipality file a certificate of lien continuation with the town clerk containing "a statement giving notice of his intention to file a lien pursuant to sections 12-172 and 49-73a to 49-73i, inclusive, against the proceeds of any policy of insurance providing coverage for loss or damage caused by fire, if a loss or damage has occurred." The affidavits furnished by the defendant in support of its motion for summary judgment fail to show compliance by the tax collector of the city of Hartford with the statutory certificate requirement.

Furthermore, the affidavits do not show compliance with the provisions of General Statutes § 49-73d. The affidavits of the defendant's claims manager and the deputy town clerk of Hartford merely assert that the defendant, through its independent adjuster, notified the city of Hartford on May 8, 1981, of its intention to pay fire insurance proceeds or losses to the owners of property located at 963 Capitol Avenue, Hartford. The manner and form of such notice are not indicated by either affidavit. Thus, there is no showing of a "demand in writing, by registered or certified mail, that a statement indicating the amount of all liens filed pursuant to sections 49-73a and 49-73b be delivered to such insurance company at a specified address, in person or by registered or certified mail, within twenty days from the date of receipt by the town clerk of such demand." General Statutes § 49-73d (a).

In addition, the deputy town clerk's certified letter dated May 28, 1981, addressed to D.C. Dodge, Sr.,

Adjuster, A.E. Oberhaus, Inc., the independent adjuster, while purporting to contain "tax liens in existence" recorded in compliance with the pertinent statutes, merely enclosed a composite statement, dated May 11, 1981, of accrued taxes on the lists of 1977 through 1980, including lien and interest charges. There is nothing to show the recordation of continuation certificates filed under and containing the requirements set forth in § 12-173, including the statement of intention to file a lien against insurance proceeds for fire damage to the taxable real estate.

Additionally, the affidavits filed by the defendant in support of its motion for summary judgment fail to show that a statement of the town clerk indicating the amount of all liens on proceeds of fire insurance pursuant to § 49-73d was "delivered to such insurance company . . . within twenty days from the date of receipt by the town clerk of such demand [for notice]." The affidavit of the deputy town clerk merely states that on May 8, 1981, the defendant notified the city of Hartford of its intention to pay fire insurance proceeds to the property owners and on May 28, 1981, the city notified the defendant by "registered" mail of the existence of delinquent taxes, with a copy of notice attached. The affidavit of the defendant's claims manager states that on May 8, 1981, the defendant, through A.E. Oberhaus, Inc., its adjuster, notified the city of its intention to pay fire losses on the property and on May 28, 1981, the city sent a "registered" letter to A.E. Oberhaus, Inc., notifying the defendant of tax liens on the property.

The notice attached to the deputy town clerk's affidavit, bearing the legend "5/28/81 Certified 788073," indicates that a certified letter was sent to the defendant's independent adjuster on May 28, 1981, the twentieth day from the date of receipt of the purported notice of statutory demand on May 8, 1981. One may presume that the certified ("registered") letter

was not delivered the same day. In any event, there is no showing of the required delivery of the statutory statement of fire proceeds liens to the defendant within the required twenty days.

Section 49-73d (a) specifically provides that "[u]pon the failure of the town clerk to notify the insurance company of the existence of any such liens *in said manner,* the right of the municipality to claim against any such proceeds shall terminate and the lien thereon shall be dissolved." (Emphasis added.) Although the statute provides for conclusive reliance by the insurance company on the amount of taxes due as set forth in such notice of lien, there can be no reliance where the notice of lien has not been given in the manner and within the time prescribed by the statute.

The defendant cannot rely upon the immunity provided by General Statutes § 49-73g for payments made to a municipality pursuant to the fire insurance tax lien statutes. That section absolves an insurance company of liability "for any amounts paid by it to a municipality *pursuant to the provisions of section 12-172 and 49-73a to 49-73i, inclusive,* and in reliance upon information contained in any statement provided by a municipality *pursuant to section 49-73d.*" (Emphasis added.) "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language." General Statutes § 1-1 (a). The generally accepted meaning of "pursuant to" is "in conformance to or agreement with." Webster, Third New International Dictionary. The defendant's affidavits and accompanying documents do not show conformity with the relevant statutory requirements; absent this prerequisite, the defendant cannot claim the benefit of immunity provided by § 49-73g.

I would, therefore, find error in the summary judgment granted by the trial court in favor of the defendant.