[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION FOR DISCHARGE OF LIS PENDENS AND TAX LIENS #110
Before the court is an application for discharge of us pendens and tax liens filed by the defendants, National Counsel on Compensation Insurance, International Group and American Policyholders Insurance Company. The plaintiff, First Union National Bank, filed the present action to foreclose tax liens levied by the City of Waterbury against property owned by Joseph Gall and Thomas v. McLaughlin in Waterbury Connecticut. The plaintiff alleges it is the owner and holder of the tax liens by virtue of an assignment dated April 22, 1996, pursuant to General Statutes § 12-195h. The defendants are holders of judgment liens against the property.
On September 27, 1999, the plaintiff filed a motion for approval of attorney's fees and costs requesting the court award $13,173.62 in costs and fees. That motion, however, has not been ruled upon and is not now before the court.
On December 2, 1999, the defendants filed the present application for discharge of lis pendens and tax liens on. the CT Page 5159 ground that there has been tender of payment in full and a wrongful rejection by the plaintiff. On December 13, 1999, the plaintiff's filed an objection to the application for discharge of lis pendens and tax liens.
A notice of lis pendens is appropriate "where the pending action will in some way, either directly or indirectly, affect the title to or in an interest in real property. . . ." Garciav. Brooks Street Associates, 209 Conn. 15, 22, 546 A.2d 275
(1988); see also General Statutes § 52-325.
General Statutes § 49-51 provides, in relevant part: "[a]ny person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor . . . to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release . . . to the person requesting the discharge. If the lien is not discharged within thirty days of the notice, that person may apply to the Superior Court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request."
In the present case, the defendants seek to discharge the tax liens and lis pendens pursuant to General Statutes § 49-51, on the ground that the liens are invalid because the defendants have tendered payment in full. Towards that end, the defendants sent to the plaintiff a check in the amount of $14,583.84 representing a tender of the outstanding taxes due, with interest through November 30, 1999, on the subject properties. The letter of transmittal while recognizing a dispute of court costs and attorney's fees demands releases of all the tax liens and lis pendens filed against those properties. In a return letter, the plaintiff stated that it "was not authorized to accept any funds, particularly in light of the unresolved attorney fee dispute."
The defendants argue that the letter and check represent a tender of payment in full followed by a wrongful rejection by the plaintiff. Consequently, the defendants argue that the plaintiff has no right to maintain an action for foreclosure and the notice of lis pendens is invalid. The plaintiffs contend that the alleged full payment does not render the lien itself invalid, rather, it merely provides a demand for release. The plaintiff also argues that the tax liens have not been paid in CT Page 5160 full because the alleged full payment tendered did not include attorney's fees and costs.
General Statutes § 12-193 provides: "Court costs, reasonable appraiser's fees, and reasonable attorney's fees incurred by a municipality as a result of any foreclosure action brought pursuant to section 12-181 or 12-182 and directly related thereto shall be taxed in any such proceeding against any person or persons having title to any property so foreclosed and may be collected by the municipality once a foreclosure action has been brought pursuant to section 12-181 or 12-182."
General Statutes § 12-195h provides in relevant part, "[a]ny municipality . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property. . . . The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property."
"Fees and costs are not a required element which must be alleged and proven by the plaintiff in order to secure judgment in the foreclosure of municipal tax liens. The issues pertaining to attorney's fees, court costs, sheriff fees, title search fees, are all considered after judgment of foreclosure is rendered." City of Danbury v. Philbury, Inc., Superior Court, judicial district of Danbury, Docket No. 3166860 (January 28, 1997, Pickett, J.) General Statutes § 12-193 "only allows for fees and costs after judgment." Id.
Clearly, court costs and attorney's fees incurred in foreclosing a municipal tax lien may be collected once a foreclosure action has been brought. See General Statutes § 12-193. Moreover, the plaintiff, by virtue of its assignment of the tax liens pursuant to General Statutes § 12-195h, possesses the same powers and rights at law or in equity as the City of Waterbury would have if the lien had not been assigned. See General Statutes § 12-195h. Further, the plaintiff, has the same rights to enforce the liens as any private party holding a lien on real property. See id. Accordingly, as the holder of the municipal tax liens, the plaintiff is entitled to collect reasonable court costs and attorney's fees at the conclusion of CT Page 5161 the present foreclosure action.
Payment of the full amount of a tax lien is, prima facie at least, reasonably necessary to secure its discharge. SeeSchuster v. Johnson, 107 Conn. 133, 137, 139 A. 502 (1927). Similarly, foreclosure statutes that specifically provide for the recovery of reasonable attorney's fees and court costs require payment of those fees prior to the discharge of the lien. See Stone Pit Hill Condominium v. Cocca, Superior Court, judicial district of Middlesex at Middletown, Docket No. 68373, (June 16, 1994, Spallone, J.) ("The defendants payment of accrued common charges [,] interest and penalties without payment of any counsel fees does not discharge the lien which is still subject to foreclosure."). See also General Statutes §47-77.
In order to discharge the tax liens assigned to the plaintiff under General Statutes § 12-195h, a party must make full payment including reasonable attorney's fees and court costs. See General Statutes § 12-193. Moreover, the amount of reasonable costs and attorney's fees will be determined by the court. See id. Accordingly, the defendants' application for discharge of lis pendens and tax liens is denied because the tender by the defendants does not include reasonable court costs and attorneys' fees.
THOMAS G. WEST, J.