CHRISTIAN NIELSEN ET ALS. *v.* THE BOARD OF APPEALS ON ZONING OF THE CITY OF BRIDGEPORT ET ALS.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 5—decided July 16, 1942.

*John T. Cullinan,* with whom were *Albert L. Coles* and *James O'Connell,* for the appellants (plaintiffs).

*Frank L. Wilder* and *Morton Weiss,* for the appellees (defendants The Bridgeport Atlantic Stores, Inc., et als.).

*Harry Schwartz* and *John V. Donnelly* filed a brief for the appellee (named defendant) but did not argue the cause.

AVERY, J. The city of Bridgeport has a zoning regulation which provides that "no building or premises shall be used . . . for the sale of alcoholic liquor . . . if any entrance to such building or premises shall be within fifteen hundred feet in a direct line from the entrance to any other building or premises which shall be used for the sale of alcoholic liquor under any

tavern, restaurant, druggist or all alcoholic liquor package store permit."

On March 7, 1941, William Poulos and Thomas Laliotis made application to the board of appeals on zoning of the city of Bridgeport to "vary the fifteen hundred feet zoning restriction for purposes of obtaining full restaurant liquor permit" for premises at 699 Water Street. A hearing was had on that application on March 19, 1941, and the application was granted. This appeal was taken by three other liquor permittees within the restricted district who were residents and taxpayers of the city. Section 132e of the General Statutes, Cumulative Supplement 1939, provides, among other things: "Whenever a zoning authority or a board of appeals shall make any change in a zoning regulation or the boundaries of a zoning district, it shall state upon its records the reason why such change is made." The reason for the granting of the application was not set forth in its vote by the board of appeals on zoning. The plaintiffs claim that the failure to comply with this statutory provision invalidated the action of the board. The statutory provision is couched in affirmative terms and not negative. It prescribes what shall be done by the board but it does not in terms make invalid their action upon failure to comply with the statute. While it is the duty of boards of appeal to comply with the statute, it is true "that neither negative nor prohibitive language appears in the Act, and that there is nothing contained in it which is naturally expressive of an intention to make compliance a condition precedent to action, or to thereby create a limitation of power." *Spencer's Appeal,* 78 Conn. 301, 304, 60 Atl. 289. Failure to comply with the statute did not invalidate the action of the board. *Gallup* v. *Smith,* 59 Conn. 354, 358, 22 Atl. 334; *Morey* v. *Hoyt,* 65 Conn. 516, 524,

33 Atl. 496; *Leete* v. *Anderson,* 83 Conn. 227, 230, 76 Atl. 466; *Daly* v. *Fisk,* 104 Conn. 579, 583, 134 Atl. 169.

At the hearing before the board of appeals on zoning a competent stenographer was present and a record was taken of the proceedings, a copy of which was made by the trial court a part of the finding and is printed in the record on the appeal before us. It appears that Poulos and Laliotis had conducted a restaurant with a liquor permit at the corner of Main and Congress Streets; and that, less than two years before their application to the zoning board, this property had been condemned by the city of Bridgeport. They had endeavored to obtain another site in the neighborhood and had finally succeeded in securing a lease of 699 Water Street. The trial court concluded that the reason for the action by the zoning board was the hardship imposed upon the applicants because they had been forced out of their business by the action of the city.

The zoning ordinance of Bridgeport provides that the board of appeals on zoning may "vary any requirement of these regulations in harmony with its general purposes and intent, so that substantial justice may be done. This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations." This provision is in harmony with § 428 of the General Statutes. The Superior Court, on appeal from the action of the zoning board, had before it for decision the question whether the board in its proceedings acted illegally, unreasonably or arbitrarily. *First National B. & T. Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 237, 10 Atl. (2d) 691; *Blake* v. *Board of Appeals,*

117 Conn. 527, 532, 169 Atl. 195; *Holley* v. *Sunderland*, 110 Conn. 80, 82, 147 Atl. 300.

The power of authorizing variations from the general provisions of the zoning regulations should be sparingly exercised and only under exceptional circumstances. *Benson* v. *Zoning Board of Appeals*, ante, p. 284. "Boards of appeals may vary within prescribed limits and consonant with the exercise of a legal discretion the strict letter of the zoning law in cases of claims having real merit which can be granted consistently with the spirit and purposes of the general principle." *Levine* v. *Board of Adjustment of New Britain*, 125 Conn. 478, 483, 7 Atl. (2d) 222; *Thayer* v. *Board of Appeals*, 114 Conn. 15, 22, 157 Atl. 273; *St. Patrick's Church Corporation* v. *Daniels*, 113 Conn. 132, 139, 154 Atl. 343; *Chudnov* v. *Board of Appeals*, 113 Conn. 49, 58, 154 Atl. 161; *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 694, 155 Atl. 850. The trial court reached the conclusion that the board of appeals on zoning did not act arbitrarily or unreasonably in concluding that because the establishment of Poulos and Laliotis had been closed by the action of the city in condemning their property without, as far as appeared, any fault upon their part it would impose an unreasonable hardship upon them to enforce the fifteen hundred feet rule of the ordinance and thus prevent them from resuming business which had been interrupted by the action of the city itself. This situation was an exceptional one. We cannot say that the action of the zoning board in this case was arbitrary, unreasonable or so far beyond its power as to compel judicial interference.

There is no error.

In this opinion the other judges concurred.