MICHAEL W. DELANEY ET AL. v. ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 13—decided December 3, 1947

*Julius B. Schatz* and *Joseph P. Kenny,* with whom, on the brief, was *Arthur D. Weinstein,* for the appellant (defendant Triton Restaurant, Inc.); and, on the same brief, *Samuel H. Aron* and *Thomas J. Hagarty,* for the appellant (named defendant).

*A. A. Ribicoff,* for the appellee (named plaintiff), with whom, on the brief, was *Harry Schwolsky,* for the appellees (plaintiffs Schultz).

BROWN, J.  On July 23, 1946, the defendant zoning board of appeals granted the application of the defendant Triton Restaurant, Inc., for a permit to use its premises for the sale of all kinds of alcoholic liquor, in connection with a restaurant it operates, at variance with a provision of the zoning ordinance requiring an interval of 1500 feet between liquor outlets of the nature specified.  The plaintiffs, neighboring property owners, appealed to the Court of Common Pleas, which sustained their appeal.  From that judgment the restaurant corporation and the board have appealed to this court.  The trial court decided the appeal upon the record of the hearings before the board and its action thereon, and accordingly made no additional finding of facts.  *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 53 A. 2d 655.  The question now is whether upon that record the court was warranted in concluding that the board "exceeded its powers, acted unlawfully, arbitrarily and in abuse of its legal discretion," and therefore in sustaining the plaintiffs' appeal.

The undisputed facts material to the determinative issue may be summarized as follows:  The defendant restaurant corporation at 306 Farmington Avenue, Hartford, is within a business zone, under

the zoning ordinance which is chapter 20 of the Municipal Code of Hartford, amended by an ordinance approved October 8, 1945, and which contains the following applicable provisions. Article II, § 7, subsection 5, provides: "A. No building or premises shall be used, . . . which is arranged, intended or designed to be used: (a) for a restaurant . . . serving alcoholic liquor . . . if any part of said building or premises is situated on any part of a lot within fifteen hundred feet radius in any direction of any lot upon which is located a building or premises used for the purpose of a restaurant, grill or tavern serving alcoholic liquor." Within 1500 feet of the defendant restaurant are three such establishments dispensing alcoholic liquor—a restaurant at 450 feet, a grill at 300 feet and another restaurant at 1490 feet. Article V, § 5, subsection 5, provides: "The Board of Appeals may . . . determine and vary the application of the regulations . . . in harmony with their general purpose and intent, and grant permits in the specific cases hereinafter listed. Said power shall be exercised only if there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done." One of the "specific cases . . . listed" is thus designated by subparagraph (n): "In business . . . zones the requirements of Article II, Section 7, Subsection 5, may be waived and permits given to restaurants . . . which sell or serve alcoholic liquors."

The memorandum of decision of the court indicates that in the hearing before it the defendants relied upon subparagraph (n) as giving the defendant board a broad discretion to vary which was not subject to the limitations prescribed by the provisions

of subsection 5. This contention is patently untenable and the defendants make no such claim before us. Whether the trial court's conclusion was justified depends upon whether the board's action constituted an abuse of the discretion conferred upon it by subparagraph (n), construed in connection with the first and second sentences of subsection 5.

The only evidence of "difficulty or unreasonable hardship" upon the restaurant corporation from "carrying out the strict letter of the ordinance" was restricted to the effect upon its financial situation, the gist of which was that an operating loss could be changed to an operating profit if the variance was granted. This of itself constituted no sufficient reason for granting the application. The board was " 'bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law.' " *Thayer* v. *Board of Appeals*, 114 Conn. 15, 22, 157 A. 273; *Devaney* v. *Zoning Board of Appeals*, 132 Conn. 537, 542, 45 A. 2d 828; *Benson* v. *Zoning Board of Appeals*, 129 Conn. 280, 283, 27 A. 2d 389. The only basis for the action of the board which the record even suggests is the statement of one member in moving that the variation be granted. In addition to a reference to unreasonable hardship on the ground just discussed, he said that granting the variance would relieve traffic in more congested areas and meet an essential need for the type of restaurant proposed. As the court well observed, "the evidence on these questions was so speculative and indefinite that it could not reasonably support such a conclusion."

We have recently declared the test determinative of the right of a zoning board of appeals to grant such a variance as here requested, by this statement:

"In *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A. 2d 828, we pointed out that the words 'practical difficulties' in the phrase 'practical difficulties or unnecessary hardships' are in themselves insufficient to afford a guide to determine whether a variation should be granted, and that the phrase is to be construed as a whole; that the requirement that any variation shall be in harmony with the general purpose and intent of the ordinance is of prime significance; and that 'unnecessary' qualifying the word 'hardships' means hardships which would not follow as the ordinary results of the adoption of the zoning plan as a whole. To justify a variation under such a provision in a zoning ordinance, it must appear that the change will not substantially affect the comprehensive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan." *Stavola* v. *Bulkeley,* 134 Conn. 186, 190, 56 A. 2d 645. Not only is resort to this test requisite to the application of the provisions of the zoning ordinance but it is essential under § 428 of the General Statutes and §§ 128 and 129 of chapter 12 of the revised charter of the city of Hartford. 23 Spec. Laws 1243, 1244; see *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A. 2d 175.

The requirement of the zoning ordinance that places for the sale of alcoholic liquor shall not be closer than 1500 feet to each other represents a definite policy on the part of the city as represented by its common council. Existing places at closer intervals will continue as nonconforming uses, but as such uses cease, for any reason, the restriction will be more closely approximated. To grant a permit

for the use of a restaurant for the sale of liquor where there are already three such places within 1500 feet flies directly in the face of the declared policy embodied in the ordinance. The facts disclose no basis upon which it could reasonably be held that such action would be in harmony with the general purpose and intent of the zoning regulations or would accord with the spirit of the ordinance. Indeed, it would be a rare case where the facts would permit a variation in this particular regulation.

When the statement of the member of the board that to grant the variance would best serve the general welfare of the community and be in conformity with the spirit and intent of the zoning ordinance is considered in the light of this test, it suffices to say that upon the evidence before the board it could not reasonably reach such a conclusion. In granting the defendant restaurant's application, the board indulged in an attempt at "spot zoning," so-called, a course which, if permitted, must often involve unfair and unreasonable discrimination and necessarily defeat, in large measure, the beneficial results of zoning regulation. The trial court could not do other than grant the plaintiffs relief from the board's unwarranted action.

There is no error.

In this opinion the other judges concurred.