CONCETTA RAFALA *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5—decided November 5, 1948

*Cornelius D. Shea,* with whom, on the brief, was *Arnold M. Sweig,* for the appellant (defendant Pulito).

*Robert I. Ellis,* for the appellee (plaintiff).

ELLS, J. The defendant zoning board of appeals granted the application of the defendant Pulito for a permit to use premises located at 492 Front Street in Hartford for the purpose of a package store for the sale of alcoholic liquors, at variance with a provision of the zoning ordinance requiring an interval of 1500 feet between such outlets. The plaintiff, a neighboring property owner, appealed to the Court of Common Pleas, it sustained the appeal, and Pulito has appealed to this court.

A transcript of the hearing before the board was

certified to the trial court, and no additional evidence was submitted. The court decided the appeal upon this record and the action of the board thereon, and made no additional finding of facts. *Biz* v. *Liquor Control Commission*, 133 Conn. 556, 557, 53 A. 2d 655. The question before us is whether on this record the court was warranted in concluding that the board "exceeded its powers, acted unlawfully, arbitrarily and in abuse of its legal discretion."

The undisputed facts may be summarized. Pulito operated a package store for many years upon premises leased by him at 485 Front Street at a monthly rental of $45. In March, 1947, the landlord increased the rent to $100 but refused to give Pulito a lease for any definite period. There was no evidence of the fair rental value of the premises. Pulito testified that business was bad and that he could not afford to pay the increased rent. He obtained a three-year lease of a store diagonally across Front Street known as No. 492 at a rental of $65 per month and vacated his permit premises at 485 Front Street. He cannot operate a package store at 492 Front Street unless he obtains a variation of the 1500-foot ordinance.

Both locations are within a business zone under the zoning ordinance, which is chapter 20 of the Municipal Code of Hartford, amended by an ordinance approved October 8, 1945, and which contains the following applicable provisions. Article II, § 7, subsection 5, provides: "A. No building or premises shall be used . . . (b) for a package store selling alcoholic liquor if any part of said building or premises is situated on any part of a lot within fifteen hundred feet radius in any direction of any lot upon which is located a building or premises used for the purpose of a package store selling alcoholic liquor." Within 1500 feet of the proposed location at 492 Front Street are twelve

package stores selling alcoholic liquors. Article V, § 5, subsection 5, of the ordinance provides: "The Board of Appeals may . . . determine and vary the application of the regulations . . . in harmony with their general purpose and intent, and grant permits in the specific cases hereinafter listed. Said power shall be exercised only if there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done." One of the specific cases listed is in subparagraph (n): "In business . . . zones the requirements of Article II, Section 7, Sub-section 5, may be waived and permits given to . . . package stores which sell . . . alcoholic liquors." Subparagraph (n) is to be construed as being subject to the limitations prescribed by the provisions of article V, § 5, subsection 5, quoted above. *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 243, 56 A. 2d 647.

The board granted the application "because of the hardship shown in this case." The evidence of "difficulty or unreasonable hardship in carrying out the strict letter of the ordinance" is unsatisfactory. There was no evidence of the effect of the rental increase on Pulito's net income or whether the increased rental was or was not the fair rental value of 485 Front Street. If we assume financial hardship, standing alone it did not constitute sufficient reason for granting the application. The board was "bound to take a broader view than the apparent monetary distress of the owner. Otherwise there would be no occasion for any zoning law." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 A. 273; *Delaney* v. *Zoning Board of Appeals,* supra, 243. The requirement that any variation shall be in harmony with the general purpose and intent of the ordinance is of prime importance. To

justify a variation under the provisions of the ordinance here in question, it must appear that the change will not substantially affect the comprehensive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships, the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan. *Stavola* v. *Bulkeley,* 134 Conn. 186, 190, 56 A. 2d 645.

The requirement of the ordinance that liquor package stores shall not be closer than 1500 feet to each other represents a definite policy on the part of the city as represented by its lawmaking body. Existing places at closer intervals continue as nonconforming uses, but as such uses cease, for any reason, the restriction will be more closely approximated. To grant a permit for the use of premises for a liquor package store where there are already twelve such places within 1500 feet flies directly in the face of the declared policy embodied in the ordinance. *Delaney* v. *Zoning Board of Appeals,* supra, 244.

In *Thayer* v. *Board of Appeals,* supra, we said that "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." The plaintiff stresses the word "ordinarily" and claims that the present case presents exceptional circumstances which warrant the granting of the application. He contends that *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 27 A. 2d 392, is of controlling importance. We held that the situation was an exceptional one and sustained the conclusion of the trial court that the board did not act arbitrarily or unreasonably. The facts were quite different from those of the present

case. The store had been closed by the city in condemning the property. The city could not fairly do this and at the same time invoke its zoning ordinance, thus preventing the owner from resuming a business which had been interrupted by its own action. Under these circumstances, we held that we could not say that the action of the zoning board, sustained, as it was, by the trial court, was arbitrary, unreasonable or so far beyond its power as to compel judicial interference.

There is no error.

In this opinion the other judges concurred.