ANTIONETTE PICCIRILLO *v.* BOARD OF APPEALS ON ZONING OF THE CITY OF BRIDGEPORT ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued June 3—decided July 8, 1952

*James C. Shannon,* with whom, on the brief, were *Harold Sobel* and *Max Frauwirth,* for the appellant (defendant Lustig).

*John V. Donnelly* appeared for the named defendant.

No appearance for the appellee (plaintiff).

Brown, C. J. The defendant Lustig is the owner of premises with a building thereon at 754 Madison Avenue in Bridgeport. The property is in a business number 1 zone, where the keeping, slaughtering, selling and marketing of live poultry, a designated heavy industrial use, is prohibited under the city's zoning regulations. Bridgeport Zoning Regs. (1949) c. 9, § 3(q); c. 10, § 3(b). On October 25, 1950, the

defendant board of appeals granted Lustig a waiver of the above restriction, permitting him to carry on such activities upon his premises for a period of two years. The plaintiff, as owner and occupant of adjoining property, appealed from the granting of the waiver to the Court of Common Pleas, which rendered judgment sustaining her appeal. The defendant Lustig has appealed to this court.

The Court of Common Pleas decided the matter upon the record of the defendant board. This record contains evidence of these further material facts which are not disputed: For fifteen years Lustig had operated a live poultry market upon his property at 127 Lexington Avenue, some three miles from 754 Madison Avenue. The Lexington Avenue premises were in an entirely different business number 1 zone. He had carried on his business there under a certificate of approval issued by the city for the commercial slaughter of poultry and the sale of live poultry until the Bridgeport housing authority condemned the property for a housing project. Lustig's present property is next north of a store located on the northeasterly corner of Madison and Wheeler Avenues. It abuts on the north and east sides of the store property so that it fronts on Wheeler as well as Madison Avenue. There are both residential and commercial properties in the neighborhood. The plaintiff's residence is immediately adjacent to the Lustig building on the north; a four- or five-family house fronting on Wheeler Avenue and within sixty feet of the building borders the lot on the east; and there are a number of multiple-family apartments on the opposite side of Madison Avenue. There is a heavy industrial zone on Housatonic Avenue within a half mile of Lustig's property. The court concluded that the defendant

board exceeded its powers and acted unlawfully, arbitrarily and in abuse of its legal discretion.

Our attention has been called to but two provisions in the zoning laws and in the Bridgeport zoning regulations, adopted pursuant to chapter 43 of the General Statutes, which it could be claimed authorized the waiver. Chapter 18, § 2(1) of the zoning regulations gives the board the authority specified, "[t]o grant in undeveloped sections of the City temporary and conditional permits for not more than two years for structures and uses in contravention of these regulations." While the record of the board's action in granting the waiver fails to show the ground upon which it was allowed, the two-year limitation contained in the order might well justify the inference that it was done pursuant to the section just quoted. As so construed the order was clearly unwarranted, for it is beyond dispute that the area in question was not an "undeveloped section." Thus regarded, the board's action was in excess of its powers and so, as the court concluded, was unlawful.

The other provision is § 842 (3) of chapter 43 of the General Statutes which is substantially reiterated in § 2(m) of chapter 18 of the regulations. The statute provides that the board may "determine and vary the application of the . . . regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of such . . . regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." The defend-

ant Lustig urges in his brief that by virtue of this provision the defendant board had express power to grant a waiver upon the facts before it, because these disclose that the enforcement of the zoning regulations would "result in exceptional hardship and a waiver of such regulations [would] not affect the comprehensive zoning plan." We, therefore, discuss briefly the effect of this provision.

As we have repeatedly pointed out, the power of authorizing variations from the general provisions of zoning regulations is designed to be sparingly exercised. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 A. 273; *Rommell* v. *Walsh,* 127 Conn. 272, 278, 16 A.2d 483. It is only in rare instances and under exceptional circumstances that it can be properly utilized. *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A.2d 137; *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 309, 71 A.2d 91. "In any determination of the question whether there exist situations of practical difficulty or unnecessary hardship justifying the relaxation of zoning regulations, there is necessarily a balancing of the considerations involved in the general public interests and those affecting the individual." *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 311, 16 A.2d 591. However, "Financial considerations alone . . . cannot govern the action of the board. They are bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law." *Norcross* v. *Board of Appeal,* 255 Mass. 177, 185, 150 N.E. 887; *Thayer* v. *Board of Appeals,* supra, 22. In accord with these principles, this court has decided many times that financial detriment to a single owner of property would not of itself warrant relaxation on the ground of practical difficulty or unnecessary hardship.

*Thayer* v. *Board of Appeals,* supra; *Torello* v. *Board of Zoning Appeals,* supra, 310; *First National Bank & Trust Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 238, 10 A.2d 691; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 283, 27 A.2d 389; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 542, 45 A.2d 828; *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 243, 56 A.2d 647; *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101.

In other words, it is only the exceptional case of financial detriment which can present a hardship warranting the granting of a variation, as where, for example, the application of zoning to a particular property would greatly decrease or practically destroy its value for any permitted use and the ordinance would bear so little relationship to the purposes of zoning that, as to that property, the regulation would, in effect, be confiscatory or arbitrary. *Devaney* v. *Board of Zoning Appeals,* supra, 542; *Strain* v. *Mims,* 123 Conn. 275, 288, 193 A. 754. The application of these principles to the facts makes clear that in this case no such hardship existed as would justify the variation granted. So far as appears, the only detriment to Lustig was at most potentially economic. Denial of a variation did not affect his right to devote his property to residential or ordinary commercial purposes. His potential detriment was of a character which might prove incidental to utilizing a location in a heavy industrial zone, such as existed only a half mile away, and which would not be incidental to utilizing his Madison Avenue property.

Certain specific requirements of the zoning laws which make clear their purpose are of vital significance in determining whether a variation can properly be granted in a given case, for it is highly

important that the change shall be in harmony with the general purpose and intent of the ordinance. *Devaney* v. *Board of Zoning Appeals,* supra, 541; *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A.2d 175; *Gunther* v. *Zoning Board of Appeals,* 136 Conn. 303, 309, 71 A.2d 91. Section 837 of the General Statutes provides, among other things, that the zoning regulations which a city may adopt, "shall be made in accordance with a comprehensive plan and shall be designed . . . to promote health and the general welfare," and further that they "shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality." In compliance with these requirements the Bridgeport zoning regulations establish seven different types of zone for residence, three for business, one for light and one for heavy industrial purposes, and carefully prescribe the restrictions as to use with relation to each. It thus appears that for obvious reasons, under the comprehensive plan adopted, the slaughtering and marketing of live poultry was confined to the heavy industrial zones. To permit it in a business zone, particularly where, as in this case, buildings occupied as places of residence, either directly across the street or immediately adjacent, surrounded the locus on three sides, would constitute a flagrant violation of the comprehensive plan. The court's conclusion that the board in granting the variation acted arbitrarily and in abuse of its legal discretion was correct.

The defendant Lustig relies upon the case of *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 27 A.2d 392, as supporting his contention that the

board was warranted in granting the variation. The situation in the two cases is analogous to the extent that in each the petitioner for a variance had been precluded by governmental action from continuing business where it had been conducted. The *Nielsen* case is not controlling in the present case, however. Aside from other facts which distinguish the two cases, it suffices to point out this difference: In the instant case the variation related to a use which the zoning regulations prescribed as permissible only in a zone other than that in which the property in question was located. The contrary was true in the *Nielsen* case.

There is no error.

In this opinion JENNINGS, INGLIS and O'SULLIVAN, Js., concurred.

BALDWIN, J. (dissenting). The record and exhibits disclose that in the immediate neighborhood of the defendant Lustig's property there were already a large number and a wide variety of commercial enterprises, including meat and poultry markets. Furthermore, it is fair to assume that the circumstances and conditions obtaining in the locality were peculiarly within the knowledge of the members of the board. *Kutcher* v. *Town Planning Commission*, 138 Conn. 705, 710, 88 A.2d 538. As a town or city grows, land and building uses change. Business and industry spread and alter the nature of the property uses in a given neighborhood. For this reason, there must be some elasticity in the application of zoning regulations. Boards of appeal provide that elasticity when, confronted by a changing trend in property uses, they grant a temporary waiver to avoid an unusual hardship which would result from a literal enforcement

of the regulations. Much depends upon the skill and sound judgment of these boards. It is essential to their functions that they be invested with a liberal discretion. They are awarded the benefit of a presumption that they acted fairly and upon valid reasons unless the contrary is shown. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343. Their decisions should not be disturbed unless they are manifestly arbitrary, unreasonable and illegal. That is not demonstrated by the record in this case. Moreover, the defendant had been forced to leave another location on Lexington Avenue when the city condemned that property for a housing project. He was seeking to return to the location in question which he owned and had previously used for a live poultry market. The reasoning in *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 288, 27 A.2d 392, applies with equal force to the facts in the instant case. The board of appeals on zoning should have been sustained.