RUTH S. LIBBY ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 7—decided December 6, 1955

*William Dimenstein* and *George J. Grady,* for the appellants (defendants Allinson) ; with them, on the brief, were *George W. Crawford,* corporation counsel, and *B. Fred Damiani,* assistant corporation

counsel, in behalf of the appellant (named defendant).

*Charles A. Watrous,* with whom were *Frank W. Flood* and, on the brief, *Dominick W. Celotto, Julius Maretz, Elliott R. Katz* and *Hubert C. O'Keefe,* for the appellees (plaintiffs).

O'SULLIVAN, J. The appeal before us is one taken from a judgment of the Court of Common Pleas by the named defendant, to be called the board, and by the other two defendants, M. J. Carl Allinson and Elizabeth M. Allinson. By virtue of that judgment, the court sustained an appeal by the plaintiffs from the action of the board in granting to the Allinsons a variance permitting them to convert their home from a one-family to a two-family house.

The following facts were available to the board: In 1948 the Allinsons bought the property known as 133 West Park Avenue, New Haven, for $23,000. It consists of a lot which has a frontage of 58 feet on the street and a depth of 141 feet, and a one-family house standing thereon. The house was built about thirty-five years ago, is of frame construction, rises two and one-half stories, and has thirteen rooms. West Park Avenue is a street five blocks long. It runs north and south and is in the west end of the city. All of the houses are built on the east side of the street, which is zoned as residence A. Edgewood Park runs along the entire west side of the street. All of the houses are one-family houses except three, which are five, six and ten houses, respectively, from the Allinsons' property. Since two-family houses are prohibited in a residence A zone, these three houses are nonconforming, having been built before the zoning ordinance was enacted.

After purchasing the property, the Allinsons used it as their home. Sometime after 1948, Allinson, who is engaged in the practice of medicine, moved his office to Greenwich, Connecticut. As he wished to have his family closer to the scene of his practice, he and his wife decided to sell their home on West Park Avenue. For over two years before he applied to the board for the variance the granting of which resulted in this litigation, he made earnest efforts to dispose of the property through active real estate agents and extensive advertising. In spite of the efforts of all concerned, no one has shown any interest in buying it as a one-family house because of the large number of rooms. There is no present market for the property. Because of this inability to sell their home, the Allinsons filed with the board an application for a variance to authorize the conversion of the existing building into a two-family house. At a public hearing held after proper notice, several persons who own real estate near the property in question were heard in opposition to the application. The conversion will not require any exterior changes, and the interior will be altered only by inclosing the front staircase, by putting a bathtub in an existing bathroom, by constructing a doorway to lead to the rear staircase, and by installing some kitchen fixtures. The proposed changes will not have an adverse effect upon land in the vicinity, nor will they substantially affect the comprehensive plan of zoning either in the immediate neighborhood or in the entire city.

The board granted the variance, and the plaintiffs appealed to the Court of Common Pleas, which reversed the action of the board. As has been stated, it is from the judgment rendered by the court that the board and the Allinsons have appealed to this

court. Because of the view we take on the merits of the matter, it is unnecessary to dispose of those assignments of error which are addressed to procedural rulings made by the court.

The pertinent part of the New Haven zoning ordinance reads as follows: "Sec. 1033. ... The Board of Zoning Appeals may in appropriate cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows: ... (7) Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done." One of the reasons which a property owner may advance in requesting a variance under this ordinance is that the effect of the ordinance is arbitrary. *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 440, 101 A.2d 284. The Allinsons do not take that ground. They rely entirely on the fact that they are faced with an unnecessary hardship. Because of their position, the board was justified in granting the variance only (1) if the effect of the zoning regulation upon the Allinson property has been to create an unnecessary hardship, as those two words have been defined by this court, and (2) if the board's exercise of its authority to vary has permitted a use which is in harmony with the general purposes of the zoning ordinance and also results in substantial justice. *Plumb* v. *Board of*

*Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899.

The minutes of the board state that the basis upon which it acted was "the inability to procure a purchaser for a house with 13 rooms to be used as a one-family house and its uselessness as such due to the prohibitive cost of maintenance." Economic loss, in and of itself, is not the decisive factor in determining whether a variance should be granted in a given case. "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 A. 273. We have always taken that position.[1]

Situations will arise, however, where the application of zoning to a particular piece of property practically destroys or greatly decreases its value for any permitted use to which it can reasonably be put, and where the application of the ordinance bears so little relationship to the purposes of zoning that, as to that property, the regulation is, in effect, confiscatory or arbitrary. *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 121, 90 A.2d 647; *Devaney* v.

[1] *Paul* v. *Board of Zoning Appeals,* 142 Conn. 40, 43, 110 A.2d 619; *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 585, 95 A.2d 792; *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 467, 94 A.2d 789; *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 455, 94 A.2d 793; *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101; *Rafala* v. *Zoning Board of Appeals,* 135 Conn. 142, 146, 62 A.2d 337; *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 243, 56 A.2d 647; *Devaney* v. *Zoning Board of Appeals,* 132 Conn. 537, 542, 45 A.2d 828; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 283, 27 A.2d 389; *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 310, 16 A.2d 591; *First National Bank & Trust Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 238, 10 A.2d 691; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A.2d 137; *Strain* v. *Mims,* 123 Conn. 275, 286, 193 A. 754; *Osborn* v. *Darien,* 119 Conn. 182, 185, 175 A. 578; *State ex rel. Rowell* v. *Boyle,* 115 Conn. 406, 411, 162 A. 26.

*Board of Zoning Appeals,* 132 Conn. 537, 542, 45 A.2d 828; *Strain* v. *Mims,* 123 Conn. 275, 288, 193 A. 754. Whether the facts in any given case establish this exceptional set of circumstances presents a problem for the board, in the first instance, to determine. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 96, 68 A.2d 308. If the board can reasonably conclude that a zoning regulation practically destroys or greatly decreases the value of a specific piece of property, it may vary the terms of the regulation, provided, of course, that the variance does not materially impair the effectiveness of the zoning regulations as a whole, and provided, further, that the board's action promotes substantial justice. *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 601, 108 A.2d 899. Upon an appeal from the granting of a variance under those circumstances, the court may not substitute its own discretion for that of the board. *Piccolo* v. *West Haven,* 120 Conn. 449, 455, 181 A. 615. It may interfere only if the board acted arbitrarily or illegally or so unreasonably as to have abused its discretion. *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67. And, it should be added, the burden is on the plaintiff to show that the board acted improperly. *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26.

The facts which prompted the board to act in the case at bar need not be repeated in detail. They were ample to warrant the granting of the variance. The Allinson property belongs to another era. Its usefulness as a one-family house is gone. The extent to which its value has dropped is borne out by the inability to find, over a two-year period, a single individual who was willing to make any offer for it. Furthermore, the use as a two-family house permitted by the variance is in harmony with the gen-

eral purposes of the zoning ordinance. The property will still be used for residential purposes. It cannot seriously be claimed that the change will have an adverse effect on public health or safety or any of the public interests which a zoning ordinance is designed to safeguard. Since the exterior of the building will continue to have the appearance of a one-family dwelling, the change will not materially affect the stability of property values in the neighborhood, the maintenance of which is one of the main purposes of zoning. *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 34, 54 A.2d 675. And, finally, it is apparent that substantial justice will be attained by the granting of the variance.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.