[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the defendant Board's granting of a variance to the defendants John Querido, Evelyn Daigle and Hilda Esteves, who jointly own a parcel of land in a residential subdivision of one family homes in East Hartford. The variance allowed for ninety-one feet of lot width rather than the required one-hundred feet of width for the construction of a single home on the parcel, thus converting the vacant parcel into an approved building lot.
The plaintiff, whose property abuts the parcel claims aggrievement by the decision of the Board to grant the variance, and his standing is not in dispute. Neither have there been any claims of procedural irregularities in the taking of this appeal.
When the subdivision of which the parcel is a part was originally created as proposed by the defendants or their predecessor in title, the parcel was not included as part of the subdivision because it contained a well which serviced a home in the town of Glastonbury, the property line of which is adjacent to this parcel. The Glastonbury property, it appears, was then itself subdivided, and the parcel in East Hartford was "orphaned" in this residential subdivision, with more than sufficient square footage and other characteristics appropriate to a building lot of the same kind as those in the neighborhood, but lacking approximately 10% of the lot width necessary to make use of the parcel for that purpose.[1] The only use for the parcel is as it is now — an island of raw land in an ocean of single family homes — or as property which could be bought and used as an extension of their yards by abutting property owners, one of whom is the plaintiff here. CT Page 1072
The board concluded that the defendant property owners ought to be granted a variance, finding that the use of the proposed location as a building lot would "not imperil the safety of the public." Record, Minutes of the ZBA meeting, October 29, 1992.
The plaintiff argues that the standard is one of hardship that has not been self-created, and that if any hardship exists here, it is the fault of the defendants who failed initially to take the steps necessary to include this parcel in the subdivision. The defendants argue that the hardship is real, is not self-created, and that the board was well within its legal authority to grant the variance.
In order to grant a variance, Conn. Gen. Stat. Sec. 8-6(3) requires that two conditions be fulfilled: adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the zoning plan, and the variance must be shown not to affect substantially the comprehensive zoning plan. Grillo v. Zoning Board of Appeal,206 Conn. 362, 368 (1988). Further the Board must state the reason for its action. Conn. Gen. Stat. Sec. 8-7. Here the stated reason for the Board's action goes beyond the limited scope of the Board's authority. Nevertheless, the court may search the record to attempt to find some basis for the Board's action. Grillo, supra, at 369.
The record shows that the Board carefully considered the property owners' claim of hardship and the loss of any practical use for the property, and that the Board found such a hardship to exist here. The fact that the defendant property owners "had sufficient notice and reasonable warning of the existence of the problem," Plaintiff's Brief, p. 4, does not by itself imply a self-imposed hardship. The property was originally used for another purpose, to supply well water to adjacent parcels and had value for that purpose. That use is no longer viable. When a former viable use for the property existed but, over time, the use becomes inappropriate and the value of the property is destroyed for all practical purposes, it is within the Board's discretion to grant a variance provided the variance is not out of keeping with the general plan for the community.
In Libby v. Board of Zoning Appeals, 143 Conn. 46 (1955), within eight years of purchasing a one family home, the property owner tried to sell its thirteen room house, desiring to move to CT Page 1073 another town. The house was difficult to market as a one-family residence, and the property owner applied for a variance to allow interior renovations to convert and then market the house as a two-family residence. The house, on some level, still had value as a one family residence, but the grant of the variance was upheld by the Supreme Court, which held, as a matter of law, that a hardship may be found when a circumstance, even an arguably foreseeable one "practically destroys or greatly decreases the value of a specific piece of property. . . ." Id., at 52. The Board is allowed to make the determination, in the first instance; and if facts exist from which a Board can reasonably conclude that a hardship exists and that the other test is met, the Board's determination will not be disturbed. Id.; Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,737 (1988). Upon the record as a whole, the East Hartford Zoning Board did not abuse its discretion.
The other test — that the variance does not materially impair the effectiveness of the zoning regulations as a whole — cannot seriously be questioned here.
The appeal is dismissed.
PATTY JENKINS PITTMAN, JUDGE