[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by plaintiff Cumberland Farms, Inc. from the action of defendant Zoning Board of Appeals of the Town of Groton in denying plaintiff's application for a variance.[1]
For reasons hereinafter stated, the decision of the Board is affirmed.
Plaintiff has appealed under the provisions of General Statutes § 8-8 (b) which provides in pertinent part that "any person aggrieved by any decision of a board may take an appeal to the superior court . . . ." To establish the aggrievement required by statute so as to be entitled to appeal a zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Bakelaar v. West Haven,193 Conn. 59, 65 (1984); Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184 (1996). Here, plaintiff has properly alleged aggrievement and has established it by proof. Evidence indicates that plaintiff acquired title to the subject property on April 9, 1976, from Atlantic Richfield Company. Subsequently, plaintiff's corporate name was changed to Cumberland Farms, Inc. A certificate of merger reflecting the change was recorded in the appropriate land records on May 20, 1986. Counsel for defendant Board does not contest these facts. It must then be concluded that plaintiff is aggrieved and has status to appeal this CT Page 8838 decision. Tazza v. Planning Zoning Commission, 164 Conn. 187,190 (1972).
No questions have been raised as to any jurisdictional issues. All notices appear to have been properly published and no jurisdictional defects have been noted at any stage in the proceeding.
The record indicates that on April 1, 1996, plaintiff filed an application for a variance with defendant Board to vary the application of the zoning regulations with respect to the subject property located at "Post Rd. Rt. 1 Noank-Ledyard Rd." The application stated that the property was located in an RS-12 zone. It was requested that defendant Board take the following action:
 Grant to Cumberland Farms, a variance from Section 5.1-3 of the Zoning Regulations allowing the establishment of a convenience store only along with the existing gasoline sales facility, subject to the restrictive conditions which are set forth on Addendum A and B attached hereto and incorporated herein.[2]
After appropriate notice, a public hearing was held by defendant Board on the application on April 24, 1996. At this hearing, plaintiff presented evidence in support of the application and members of the public spoke in favor of and against the granting of the variance.
At a meeting of the Board held May 22, 1996, it was voted unanimously to deny the variance. The Board stated its reasons for denying the variance on the record.
It was from this denial of the variance request that plaintiff has appealed to the Court under the provisions of General Statutes § 8-8 (b).
In deciding appeals under § 8-8 (b), the court operates under certain restrictions. The Court is not at liberty to substitute its judgment for that of the administrative tribunal.Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The Court may only determine whether the board acted arbitrarily or in abuse of its discretion. Raybestos-Manhattan, Inc. v. PlanningCT Page 8839 Zoning Commission, 186 Conn. 466, 470 (1982). The decision of defendant Board may be reversed only if it is found that the Board's action was illegal, arbitrary or in abuse of discretion.Cameo Park Homes, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
Where, as here, the Board has stated the reasons for its actions on the record the Court is limited to determining whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Board is required to apply under the zoning regulations.Protect Hamden/North Haven from Excessive Traffic Pollution,Inc. v. Planning Zoning Commission, 220 Conn. 527, 544 (1991). The action of the board must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. ZoningCommission, 173 Conn. 23, 26 (1977).
The plaintiff has the burden of proving that defendant board acted improperly. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
A review of the record discloses certain facts which are not in substantial dispute.
The subject property is located in an RS-12 zone. Under the provisions of § 5.1-3 of the Town of Groton Zoning Regulation, entitled "Table of Permitted Uses," the property is limited principally to residential uses. Although other uses are permitted as a matter of right, none of such uses are germane to the present situation.
At the time plaintiff acquired the property from Atlantic Richfield Company in 1976, it had been used as a gasoline service station for the sale of gasoline and for the repair of automobiles. Incidental to the operation of the station was the sale of snacks and sundries such as soda, candy and snack foods. This use predated the zoning regulations, and at the time plaintiff acquired title, the property enjoyed the status of a preexisting nonconforming use limited to its prior method of operation.
After plaintiff acquired the property, the use was modified in that the repair of automobiles was terminated.
At the public hearing, plaintiff's witness claimed that this CT Page 8840 was due to an evolutionary change in the industry. It was claimed that small gasoline service stations were not generally equipped to repair modern automobiles with sophisticated electronic components. One of the witnesses in opposition, however, stated that there was a gasoline station which performed auto repair work in the vicinity.
After terminating repair work, the property was used only for gasoline sales and the incidental sundries before mentioned. That portion of the premises formerly used for repairs became vacant. Although there was testimony that it may have been used for storage, this space, consisting of 87 percent of the floor area was now of little use to the plaintiff.
There was testimony that income being generated from current use of the property was, at best, barely able to support current operations. To generate additional income, plaintiff has attempted to expand the items offered for sale but has been prevented from doing so by enforcement of the zoning regulations.
State and federal statutes, as well as regulations of the Department of Environmental Protection (hereinafter DEP), will require plaintiff to upgrade the property by replacing three underground gasoline storage tanks. The cost of replacing the tanks has been estimated at a minimum of $285,000. This cost could be as high as $343,000 which would include improvements. To simply remove the tanks and clean up the property would cost $93,000.
Plaintiff contends that the income generated from the sale of gasoline and sundries will not support the additional cost of replacing the tanks. It is claimed that only by varying the application of the zoning regulations and allowing it to use the property in a manner not authorized by § 5.1-3, that is, as a convenience store with gasoline sales, can the additional costs be absorbed.
Without the variance, plaintiff contends that it can make no reasonable use of its property.
A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances.Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206 (1995). CT Page 8841
Defendant Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3). This statute authorizes the Board:
 [T]o determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
Variances are, in a sense, the "antithesis of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin, 234 Conn. 498, 505-506
(1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988). CT Page 8842
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v. Zoning Board of Appeals,156 Conn. 426, 429 (1968).
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance.Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982). The board is under no duty to extricate an applicant a self-created hardship. Pollard v. Zoning Board of Appeals, supra, 44.
A mere economic hardship is insufficient to justify granting a variance Krejpcio v. Zoning Board of Appeals, 152 Conn. 657,662 (1965).
Plaintiff contends that it has demonstrated that it is entitled to a variance under the law.
The Board in denying the variance stated its reasons as follows:
 VARIANCE DENIED. No hardship was shown. The variance request did not meet the criteria of Section 8.5-8B. of the Zoning Regulations. The proposed expansion to a convenience store in addition to permitted non-conforming gas sales was considered financial. The applicant is presently making reasonable use of the property. In addition, the applicant purchased property knowing the nature of the nonconformity.
The Court must review the reasons stated to determine if they are reasonably supported by the record and the action of the Board must be sustained if even one of the noted reasons is sufficient to support it. Protect Hamden/North Haven fromExcessive Traffic and Pollution. Inc. v. Planning ZoningCommissions, supra, 220 Conn. 544; Goldberg v. Zoning Commission,
supra, 173 Conn. 26.
Although the facts and the law applicable to the reasons stated tend to overlap each of the reasons stated will be CT Page 8843 considered separately while attempting to avoid redundancy.
 I
The Board found that no hardship had been proven by plaintiff. Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. Point O'Woods Assn., Inc. v. Zoning Board ofAppeals, 178 Conn. 364, 368 (1979).
Plaintiff's claim of unusual hardship arises out of the requirement that it will have to replace the three underground tanks on the property. The cost of this replacement has been estimated to be at least $285,000. It is argued that the business on the property will have to bear the amortized cost of this expense and since the business is barely profitable now unless sales can be expanded by variance, the economic value of the property will be destroyed.
It is well settled that an ordinance which permanently restricts the use of property for any reasonable purpose goes beyond permissible regulation and amounts to a taking.Brecciaroli v. Commissioner of Environmental Protection,168 Conn. 349, 355 (1975); Archambault v. Wadlow, 25 Conn. App. 375,382 (1991).
Plaintiff's difficulty, however, arises out of the requirement that the permanent restriction must arise out of the zoning regulations. The hardship which would justify the granting of a variance must originate in the zoning regulations. It must arise directly out of the application of the regulations to circumstances or conditions beyond the control of plaintiff.Pollard v. Zoning Board of Appeals, supra, 186 Conn. 39-40.
Here, plaintiff has a valid nonconforming use in the property. This is a vested right which under the zoning regulations it can continue to enjoy Petruzzi v. Zoning Board ofAppeals, 176 Conn. 479, 483 (1979). Plaintiff can continue the present use of the property for the sale of gasoline and sundries under the regulations.
Plaintiff's difficulty arises out of the fact that the state and federal regulations will require it to expend a considerable amount of money to continue with gasoline sales. The situation would be the same if the tax authorities, or some other CT Page 8844 governmental agency, posed regulations which increased the cost of doing business. The zoning regulations permit the sale of gasoline as a nonconforming use. It is the DEP regulations which will cause added expenses.
It is also claimed by plaintiff that, due to conditions which affect the property, it is limited to its present use. It is claimed that the property could not be converted to residential purposes which would put it in conformance with the regulations.
There was evidence that the land could be subdivided into a maximum of four lots, but that it would be economically better to divide it into two lots. The price of these lots would also be reduced because of poor location. To convert to residential use, plaintiff would have to remove the tanks and clean up the property at the estimated cost of $93,000.
Plaintiff's real estate expert opined that if the property was subdivided for residential use bank financing might be difficult to obtain because of the continuing possibility of underground pollution. This opinion might not be valid, however, in view of the decision in Doty v. Mucci, 238 Conn. 800 (1996), construing the statutory limitation on actions based upon defective underground tanks.
If plaintiff elected to discontinue the nonconforming use and subdivide the property for residential use, it could do so, but it might suffer an economic loss. The Board is under no duty to vary the zoning regulations to extricate plaintiffs from the position which it is now in. Pollard v. Zoning Board of Appeals,
supra, 186 Conn. 44.
In its claim that under the circumstances here, the Board's failure to grant the variance constituted an abuse of discretion plaintiff relies to a large extent on Libby v. Board of Appeals,143 Conn. 46 (1955); and Culinary Institute of America, Inc. v.Board of Zoning Appeals, 143 Conn. 257 (1956). Reliance on these cases, however, is misguided. The statutory requirement that a variance must be supported by a finding of exceptional difficulty or unusual hardship imposes on the Board the obligation to undertake an extensive factual inquiry before a variance may be granted. Simko v. Ervin, supra, 234 Conn. 506. Presumably, the boards in Libby and Culinary Institute of America, Inc. conducted such an inquiry and considered applicable law. In both of these cases after such inquiry and consideration, the board found that CT Page 8845 exceptional difficulty or unusual hardship existed and granted the variance. In the present case, the record confirms that the Board carried out the statutorily mandated inquiry mentioned inSimko v. Ervin and found that exceptional difficulty or unusual hardship had not been established. The determination of factual issues are matters within the province of the board. Stankiewiczv. Zoning Board of Appeals, 15 Conn. App. 729 (1988). It cannot be found that the board abused its discretion under the law.
Other cases reviewed in which the board's denial of a variance was overturned by the court do not appear to be on point. For example, in Archambault v. Wadlow, supra,25 Conn. App. 375, it was found that regulations enacted after the creation of a lot constituted a practical confiscation and that a variance should have been granted. The situation here is quite different. Plaintiffs can continue to operate in its present status unaffected by the zoning regulations. It is the DEP regulations which have caused the problem.
The present case also differs from Chevron Oil Co. v. ZoningBoard of Appeals, 170 Conn. 146 (1976), in which the court found that it was error for the board not to have granted a variance. In Chevron, because of the configuration of a lot in a business zone, the owner could not comply with the zoning regulations. In that case, it was apparent that the problems arose out of the regulations which affected the irregularly-shaped property differently from other properties in the zone. Here, the problem was not caused by the regulations.
A case which is in some way similar to the present case isSmith v. Zoning Board of Appeals, 174 Conn. 323 (1978). In Smith,
the condemning authority took a portion of a lot rendering the property nonconforming. The authority then applied for a variance which was granted by the board and approved by the Supreme Court. The situation is similar to the case at bar in that the reduction in value arose out of the action of an external governmental agency. It is dissimilar in all other respects. In Smith, the external agency reduced the size of the lot directly affecting its status under the zoning regulations. Here, the DEP regulations substantially increased the cost of doing business, but did not affect the property's status under the zoning regulations. Also, in Smith, as in Libby and Culinary Instituteof America, Inc., the board found the required hardship, here, it did not. CT Page 8846
For reasons above stated, it cannot be found that defendant Board abused its authority in determining that plaintiff had failed to prove hardship. Although this conclusion is dispositive of the case, it would be appropriate to renew the other reasons advanced by the Board for denial of the variance.
 II
The second reason given by the Board was that the variance request did not meet the criteria of § 8.5-8B of the zoning regulations. This section provides in part that:
 Before granting a variance on the basis of unusual difficulty or unreasonable hardship, there must be a finding by the Board of Appeals that all of the following conditions exist:
 1. That if the owner complied with the provisions of these regulations, he would not be able to make any reasonable use of his property.
 2. That the difficulties or hardship are peculiar to the property in question, in contrast with those of other properties in the same district.
 3. That the hardship was not the result of the applicant's own action.
 4. That the hardship is not merely financial or pecuniary.
Section 8.5-8B is, in essence, a restatement of the law governing the granting of variances. The section requires that the Board consider four separate conditions before it can grant a variance on the basis of unusual difficulty or unreasonable hardship.
In refusing to grant the variance, the Board considered all of these conditions and its conclusion that plaintiff did not meet the criteria of the section is supported by the record.
III CT Page 8847
The third reason stated by the Board that the requested variance for expansion to a convenience store was financial.
Financial hardship, as previously stated, is insufficient to justify the granting of a variance. Krejpico v. Zoning Board ofAppeal, supra, 152 Conn. 662.
To continue gasoline sales on the property, plaintiff will be required to install new underground tanks at considerable expense. It has elected to place the burden of such cost on this property and to amortize the cost in accordance with a particular schedule. If plaintiff can expand its sales by virtue of a variance it will be better able to meet the additional cost of doing business at the site. These are the factors which underlie the variance request. The Board determined that such factors were financial and that financial hardship was not a valid reason for granting a variance.
It cannot be found that the Board abused its discretion in reaching this conclusion.
 IV
The Board concluded that plaintiff was presently making reasonable use of the property. This was the fourth reason given for denying the variance.
One of the conditions which plaintiff had to satisfy under § 8.5-8B of the regulations was that if it complied with the zoning regulations, it would not be able to make reasonable use of the property. A regulation which prevents a property owner from making reasonable use of its property would create a hardship and the granting of a variance would be proper. ChevronOil Co. v. Zoning Board of Appeals, supra, 170 Conn. 146, 152.
The Board's finding that plaintiff could make reasonable use of its property under the regulations is supported by the record. Plaintiff could continue its present use although it would have substantial additional expenses resulting from a cause outside of the zoning regulations. It could convert the property to a conforming residential use although this might not be accomplished at a profit. Financial loss is not a proper basis for the granting of a variance. Bloom v. Zoning Board of Appeals,
supra, 233 Conn. 207. CT Page 8848
 V
The last reason advanced by the Board for denying the requested variance was that plaintiff purchased the property knowing the nature of the nonconformity.
The Board is under no duty to extricate plaintiff from any self-created hardship. Pollard v. Zoning Board of Appeals, supra,186 Conn. 44. Where a hardship arises from a voluntary act on the part of the applicant for a variance, the board does not have authority to grant a variance. Belknap v. Zoning Board ofAppeals, 155 Conn. 380, 384 (1987).
In the present situation when the property was purchased from Atlantic Richfield, plaintiff acquired a gasoline service station in a residential zone. Plaintiff knew, or should have known, that it was acquiring a nonconforming use. Although the business could be continued as a nonconforming use, such use would be restricted to its then current use and could not be expanded under the regulations.
Plaintiff admits that it knowingly acquired the nonconforming use. It argues, however, that at the time it acquired the property, it did not know that it would be required by DEP to replace the underground tanks at great future expense.
Setting aside the overriding factor that plaintiff's financial problem arises out of the DEP regulations and not the zoning regulations, plaintiff certainly knew at the time it acquired the property that the petroleum industry was subject to state and federal regulations which could impose additional costs in the conduct of its business. Although it might not have anticipated the magnitude of the expenses, it should have known that it was acquiring nonconforming property with limited commercial potential which could be affected by governmental regulations.
In addition, knowing the limitations on the commercial use to which the property could be devoted under the regulations plaintiff reduced the potential of the property to generate income by terminating the automobile repair aspect of the business. Although this may have been in keeping with an industry trend it was still a voluntary business decision which left over 80 percent of the building area vacant. CT Page 8849
Plaintiff claims that it cannot reasonably close the business and dispose of the property for residential use. However, the unfavorable location of the property and its limited potential for residential use as testified to by plaintiff's real estate expert should have been apparent to plaintiff at the time of purchase. At the time it acquired title, plaintiff could not have anticipated the stringent clean up requirements now imposed by DEP. However, plaintiff should have anticipated that if it converted the property to residential use, some action would have to be taken with respect to the underground tanks and the ground.
There is ample evidence in the record to support a conclusion that any hardship with plaintiff now suffers arises out of its own voluntary acts. It cannot be found that the Board abused its discretion in finding that plaintiff purchased the property knowing the nature of its nonconformity.
After review of the proceedings before the Board, it is found that the reasons stated by the Board are reasonably supported by the record. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, supra,220 Conn. 544. It is also found that the action of the Board in denying the variance request was not illegal, arbitrary or in the abuse of its discretion. Cameo Park Homes, Inc. v. Planning ZoningCommission, supra, 150 Conn. 677.
Accordingly, judgment is rendered against the plaintiff affirming the decision of the Board denying the variance.
Purtill, J.